IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLI GREGORY,

      Plaintiff,

v.                                                                    No. 2:22-cv-89 WJ/KRS

DORRELL HARRIS,
SKYWAY LOGISTICS CORP., and
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,

      Defendants.

## ORDER GRANTING MOTION FOR ENFORCEMENT
## OF TEMPORARY PROTECTIVE ORDER

THIS MATER is before the Court on Plaintiff's Motion for Enforcement of Temporary Protective Order, (Doc. 39), filed December 1, 2022. Defendant Bridgestone Americas Tire Operations, LLC ("BATO") filed a response on December 15, 2022, and Plaintiff filed a reply on December 29, 2022. (Docs. 40 and 41). In addition, Plaintiff filed a Request for Oral Argument regarding the Motion on January 5, 2023. (Doc. 45). Having considered the parties' briefing, record of the case, and relevant law, the Court grants Plaintiff's Motion for Enforcement of Temporary Protective Order as set forth below. Because the Court finds the parties' briefing sufficient to make a ruling on Plaintiff's Motion, the Court denies Plaintiff's request for oral argument.

Plaintiff brings products liability and negligence claims against Defendants for injuries arising from a single-vehicle accident. (Doc. 1). Plaintiff was a passenger in a tractor-trailer driven by Defendant Harris when the right front tire became disabled and Defendant Harris lost control of the tractor-trailer and it rolled over. (Doc. 22) at 1-2. The tractor-trailer was owned and/or leased and maintained by Defendant Skyway Logistics Corp. *Id.*

In her Motion for Enforcement of Temporary Protective Order, Plaintiff states that Defendant BATO has declined to produce requested discovery until a protective order is entered, but the parties have been unable to agree on the terms. (Doc. 39) at 1-2. Defendant BATO sent Plaintiff a Proposed Protective Order and Plaintiff proposed changes to the order regarding a sharing provision and removal of the destruction provision. *Id.*; (Doc. 39-1) (Defendant BATO's Proposed Protective Order). Plaintiff states "[t]he main issue of contention is a sharing provision which would permit Plaintiff to share the discovery with other similarly situated plaintiffs." (Doc. 39) at 2. However, in order to move forward with discovery, Plaintiff proposes entry of BATO's Proposed Protective Order until the parties can resolve their differences regarding the sharing terms. Therefore, Plaintiff asks the Court to enter Defendant BATO's Proposed Protective Order on a temporary basis until the parties have worked out the terms or until the parties request the Court's assistance in resolving the outstanding issues through motion practice. *Id.*

In response, Defendant BATO states that it is prepared to produce information in this case, much of which is proprietary and confidential and would cause BATO a significant competitive disadvantage and irreparable harm if disclosed. (Doc. 40) at 1. Defendant BATO states that "Plaintiff seeks to broadly disseminate BATO's confidential information with unidentified litigants involved in unrelated litigation," and BATO objects to including a sharing provision in any protective order. *Id.* at 1-2. BATO similarly objects to Plaintiff's proposal to retain BATO's proprietary and confidential information at the conclusion of this litigation because "[a]llowing Plaintiff's counsel to share and retain BATO's confidential material after this case has ended heightens the risk of improper disclosure." *Id.* at 2. Moreover, allowing Plaintiff's counsel to retain these materials would impose an ongoing enforcement role on the Court after this case is concluded. *Id.*

Plaintiff states in her reply that BATO has turned Plaintiff's motion for temporary enforcement of BATO's proposed protective order into a motion for full enforcement of the protective order. (Doc. 41) at 1. Regarding the sharing provision, Plaintiff states that "BATO is currently litigating a case with allegations of product liability for a substantially similar tire in this state and Florida," and "it is likely there are additional cases across the nation." *Id.* Plaintiff alleges there are "simple remedies … for Bridgestone's concerns regarding 'unidentified litigants' or 'broad dissemination' of discovery.'" *Id.* Plaintiff attaches a copy of Plaintiff's Proposed Protective Order which includes three changes to BATO's order. *Id.* at 2; (Doc. 41-3) (Plaintiff's Proposed Protective Order).

The Court finds that Plaintiff's request for temporary enforcement of BATO's Proposed Protective Order, which is attached to Plaintiff's Motion at Document 39-1, is well-taken and shall be granted. The Proposed Protective Order was drafted by BATO and Plaintiff has agreed to abide by its terms so that production of materials and depositions can proceed. Regarding the parties' dispute over provisions for sharing and destruction of documents, that issue is not properly before the Court. As Plaintiff points out in her reply brief, in BATO's response brief, instead of addressing temporary enforcement of BATO's Proposed Protective Order, BATO raised arguments regarding Plaintiff's proposed revisions to the protective order. Plaintiff did not move for enforcement of those provisions, and specified that the parties were attempting to resolve their differences. Since a request for relief must be raised in a motion, *see* Local Rule 7.1, the Court will not address the arguments raised in Defendant's response brief. The Court does note, however, that it would be inclined to follow the reasoning in another case filed in this District that sharing concerns "should not override a good faith showing that dissemination of certain information would put [Defendants] at a competitive disadvantage." *Ramos v. Cooper Tire & Rubber Co.*, 10cv198 JAP/ACT, 2011 WL 13266815, at *6 (D.N.M.). In addition,

destruction clauses are routinely part of protective orders and the Court is not inclined to enter a protective order with terms that would require the Court to retain jurisdiction over a case after it has concluded due to lack of a destruction provision.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Enforcement of Temporary Protective Order, (Doc. 39), is GRANTED and the parties shall abide by Bridgestone Americas Tire Operations, LLC's Proposed Protective Order, attached to Plaintiff's Motion at Document 39-1, on a temporary basis until the parties have worked out the terms of the Protective Order or until the parties request the Court's assistance in resolving outstanding issues through motion practice.

IT IS FURTHER ORDERED that Plaintiff's Request for Oral Argument, (Doc. 45), is DENIED as moot.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE