IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLI GREGORY,

    Plaintiff,

v.                                                                                                    No. 2:22-cv-89 WJ/KRS

DORRELL HARRIS, SKYWAY LOGISTICS CORP., and
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,

    Defendants.

**ORDER ON MOTION TO COMPEL [Doc. 86], MOTIONS TO SEAL [Docs. 91, 97, 106], and MOTIONS TO STRIKE [Docs. 94, 95]**

THIS MATTER is before the Court on Plaintiff's Motion to Compel, (Doc. 86), filed June 12, 2023. Defendant Bridgestone Americas Tire Operations, LLC ("BATO") filed responses to the Motion to Compel on June 26, 2023 (Doc. 90) and on June 28, 2023 (Doc. 96, unredacted response, filed under seal). Plaintiff filed replies to the Motion to Compel on July 10, 2023 (Doc. 98) and on July 28, 2023 (Doc. 105, unredacted reply, filed under seal). Also before the Court are BATO's Motion to Seal, (Doc. 91), Plaintiff's Motions to Strike, (Docs. 94 and 95), and Plaintiff's Motions to Seal, (Docs. 97 and 106). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part Plaintiff's Motion to Compel, grants the parties' Motions to Seal, and denies Plaintiff's Motions to Strike.

**I.**     **Background**

Plaintiff brings products liability and negligence claims against Defendants for injuries arising from a single-vehicle accident. (Doc. 1). Plaintiff was a passenger in a tractor-trailer driven by Defendant Harris when the right front tire became disabled and Defendant Harris lost control of the tractor-trailer and it rolled over. (Doc. 22) at 1-2. The tractor-trailer was owned and/or leased and maintained by Defendant Skyway Logistics Corp. *Id.*

The tire that failed was a Bridgestone R284 Ecopia tire ("the subject tire") and Plaintiff alleges the tire was defective. (Doc. 86) at 3. In her Motion to Compel, Plaintiff seeks discovery regarding the subject tire's line, which Plaintiff argues includes the Bridgestone R283 and Firestone FS591 tires. *Id.* Specifically, Plaintiff seeks full responses to: her First Set of Requests for Production (RFP) Nos. 5, 8, 11, 12, 13, 14, 15, 17, 18, 20, 21, 28, 29, 36, 51, and 58; First Set of Interrogatories Nos. 5, 6, 7, and 13; Second Set of RFPs Nos. 3, 4, 13, 14, 16, 17, 18, 19, 20, 21, 28, 31, 35, 36, 37, 38, 39, 40, 41, 42, and 45; and Second Set of Interrogatories Nos. 4, 6, 7, 8, 9, 11, 12, 13, 15, and 17. *Id.* at 7-8. Plaintiff argues that BATO improperly narrowed its responses to these discovery requests to information related only to the subject tire. Accordingly, Plaintiff seeks an order compelling BATO to: (1) identify tires at the Warren County, TN plant that share components with the subject tire line (Second Set Interrogatory Nos. 6 and 7); (2) produce discovery from other cases concerning the subject tire line (Second Set RFP Nos. 58-67); (3) produce the Warren County Safety, Quality, and Environmental Manual and Manufacturing Standard Practices Manual (First Set RFP Nos. 24-25); (4) produce information about task forces or committees investigating tread and belt separations from 2014 to the present, and internal reports and studies for the same (Second Set RFP No. 43 and Interrogatory No. 1); (5) produce information about the operating conditions of the subject tire (First Set RFP No. 61 and Second Set RFP Nos. 17, 32, 40, 45, 55, 56, 57); and (6) produce information concerning BATO's investigation of the failure, recalls, and complaints of tires in the subject tire line (Second Set RFP Nos. 34-39, 41-43, 50-54, 57, and Second Set Interrogatory Nos. 9, 11-13). *Id.* at 9-15.

BATO responds that Plaintiff's Motion to Compel is untimely because it was filed outside the 21-day deadline under Local Rule 26.6. (Doc. 90) at 1-4. BATO further argues that

Plaintiff seeks information that is beyond the scope of discovery and disputes that the FS591 or R283 tires are part of the same tire line as the subject tire. *Id.* at 5-24. In reply, Plaintiff disputes BATO's contention that the R284 subject tire is dissimilar to the R283 and FS591. (Doc. 98) at 1-3; (Doc. 105) (sealed reply).

**II.     Motions to Seal and to Motion to Strike**

The Court first addresses the parties' motions to seal and Plaintiff's motion to strike. BATO moves to seal the declarations of BATO employees Brian J. Queiser and Steven T. Miranda, attached to its response to the Motion to Compel, because they contain confidential and proprietary tire design information. (Doc. 91) at 1-4; (Doc. 96) at 27-43 (unredacted declarations, filed under seal). Instead of filing a response to BATO's Motion to Seal, Plaintiff filed Motions to Strike the Motion to Seal, arguing that it is "undisputed" that the R283 and FS591 tires are similar to the subject tire, and the public should have access to BATO's sealed declarations. (Doc. 94) at 1-8; (Doc. 95) (sealed Motion to Strike). Plaintiff argues the declarations should remain unsealed even though they were designated by the parties and produced as confidential under the Protective Order entered in this case. *Id.* at 8. BATO filed a response to the Motions to Strike, arguing the declarations should remain sealed because they reflect technical data and other information regarding design and manufacturing methods, techniques, and processes used by BATO. (Doc. 99) at 1-8. Plaintiff has not filed a reply to her Motions to Strike, and the time for doing so has passed.

The Court finds that it is proper to seal the declarations attached to BATO's response to Plaintiff's Motion to Compel based on BATO's assertion that the unredacted declarations contain BATO's confidential and proprietary tire design information. Sealing the declarations complies with Section V.A. of the Protective Order in place in this case. (Doc. 39-1). The Court

rejects Plaintiff's contention that the public's right of access to judicial documents outweighs BATO's proprietary business interests because BATO has filed an unsealed version of its response to the Motion to Compel and the information it seeks to seal is encompassed by the Protective Order.  Therefore, the Court grants BATO's Motion to Seal, (Doc. 91), and denies Plaintiff's Motions to Strike, (Docs. 94 and 95).

Next, Plaintiff filed a Motion to Seal the unredacted version of her Motion to Strike, Document 95.  (Doc. 97).  BATO filed a response stating it does not oppose sealing the unredacted Motion to Strike.  (Doc. 100).  Similarly, Plaintiff filed a Motion to Seal David Southwell's unredacted declaration attached to Plaintiff's reply to her Motion to Compel, Document 105.  (Doc. 106).  Plaintiff does not state whether the motion is opposed, which violates Local Rule 7.1(a).  The Court's Local Rules require a movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence maybe summarily denied."  D.N.M. LR-Civ. 7.1(a).  Nevertheless, the Court will grant Plaintiff's Motion to Seal, (Doc. 106), for the same reasons it has found that BATO's proprietary tire design information is confidential and should be filed under seal pursuant to the Protective Order.  Accordingly, the Court grants Plaintiff's Motions to Seal, (Docs. 97 and 106).  The Court directs the parties to comply with Local Rule 7.1 and include recitation of a good-faith request for concurrence in future motions.

### III.  Motion to Compel

#### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**B. Analysis**

   **1. Timeliness of Motion to Compel**

Defendant first contends that Plaintiff's Motion to Compel, filed June 12, 2023, should be denied because it is untimely. (Doc. 90) at 1-4. Local Rule 26.6 requires a party served with objections to a discovery request to file a motion to compel under Local Rule 37.1 within twenty-one (21) days of service of the objections "unless the response specifies that documents will be produced or inspection allowed," in which case the party must proceed under Rule 37.1 within twenty-one days after production or inspection of the documents. D.N.M. LR-Civ. 26.6.

Failure to proceed within this time period constitutes acceptance of the objection, but the Court may change the twenty-one day time period for good cause, either *sua sponte* or on motion by a party. *Id.*

Here, Plaintiff seeks to compel additional responses to her First Sets of RFPs and Interrogatories and her Second Sets of RFPs and Interrogatories. BATO served its responses and objections to the First Set of discovery on September 12, 2022. (Docs. 86-1, 86-2). BATO responded to Plaintiff's Second Set of discovery on March 13, 2023. (Docs. 86-3, 86-4). On February 22, 2023, the Court entered the parties' proposed Protective Order governing the production of confidential documents, and BATO produced additional documents that fell under the Protective Order on March 14, 2023. *See* (Doc. 90) at 3. BATO also produced additional documents responsive to a limited number of Plaintiff's Second Set of discovery requests on May 25, 2023. *See* (Doc. 90) at 3. BATO argues that Plaintiff's deadline to file a motion to compel was April 4, 2023 (twenty-one days after the March 14, 2023 supplemental production). However, BATO concedes that Plaintiff's Motion to Compel is timely as to the discovery requests to which BATO produced additional responsive documents on May 25, 2023. *Id.* at 3-4.

Plaintiff asks the Court to extend the twenty-one day time period because Plaintiff obtained new co-counsel, the scope of discovery in a products liability case is complex, and the record supports a finding that the subject tire is similar to Plaintiff's proposed tire line. (Doc. 86) at 1-2. Plaintiff did not file a Motion to Compel as to her First Set of discovery requests until more than nine months after BATO produced its responses and objections, and three months after BATO responded to Plaintiff's Second Set of discovery requests. Considering BATO's supplemental production after entry of the Protective Order, Plaintiff's motion to compel

deadline was April 4, 2023—two months prior to the date Plaintiff filed the Motion. Plaintiff states she sent a conferral letter to BATO on May 5, 2023, but this letter was still sent after the Rule 26.6 deadline, and Plaintiff failed to seek an extension of the deadline. While Plaintiff notes the addition of co-counsel, she does not explain why that constitutes good cause to extend the twenty-one day deadline. Similarly, Plaintiff does not specify any new information that was obtained after expiration of the deadline.

A party's failure to file a motion to compel within the twenty-one day deadline constitutes acceptance of the discovery responses, and failure to comply with this deadline is sufficient grounds to deny a motion to compel. *See Hare v. Baur*, 2020 WL 5763864, at *8 (D.N.M.); *Dentsply Sirona, Inc. v. Edge Endo, LLC*, 2019 WL 4816213, at *2 (D.N.M.). Accordingly, the Court finds that Plaintiff's Motion to Compel is untimely as to her First Set of RFPs and Interrogatories, and shall be denied as to those discovery requests. As for Plaintiff's Second Set of RFPs and Interrogatories, BATO states that it produced additional responsive documents to RFP Nos. 36, 37, 41, 42, and 45, and Interrogatory No. 17 on May 25, 2023, so Plaintiff's Motion to Compel timely as to those discovery requests. (Doc. 90) at 3 and 13, n.15. The Court will consider Plaintiff's Motion to Compel as to those requests below.

**2. Second Set of Discovery Requests – RFP Nos. 36, 37, 41, 42, and 45; Interrogatory No. 17**

The Court considers Plaintiff's Motion to Compel as to her Second Set of RFP Nos. 36, 37, 41, 42, and 45, and Interrogatory No. 17, as the motion is timely only as to those requests. In response to Plaintiff's Second Set of RFPs and Interrogatories, BATO objected to Plaintiff's definition of the "Subject Tire Line" to include the R283 and FS591 tires because they are too dissimilar from the subject tire. (Doc. 86-3) at 2; (Doc. 86-4) at 2. In response to RFP Nos. 36, 37, 41, 42, and 45, and to Interrogatory No. 17, BATO objected to the extent Plaintiff seeks

information regarding dissimilar tires, and responded by producing information relating to the subject tire—specifically the 295/75R22.5 Load Range G Bridgestone R284 Ecopia truck tire. (Doc. 86-3) at 11; (Doc. 86-4) at 22-27.

Plaintiff argues that BATO improperly narrowed its discovery responses by only providing information related to the subject tire. (Doc. 86) at 3-5. Plaintiff's position is that the R283 and FS591 tires are similar to the subject tire, and discovery related to those other tires is relevant to her claims because BATO became aware of problems relating to the R283 and FS591 tires as early as 2014 and 2016, respectively. *Id.* at 5. Plaintiff states that BATO then began monitoring tire failures in the R283, R284, and FS591 tires closely, "including conducting site visits with fleet operators, analyzing failed tires, and studying the failure characteristics." *Id.* (citing Doc. 86-6, Exhibit F at 5). Plaintiff alleges this led to a recall applied to certain R283, R284, and R268 tires. *Id.* at 6 (citing Doc. 86-7, Exhibit G). Therefore, Plaintiff contends that discovery related to these other tires is relevant to rebut BATO's affirmative defense of attribution of fault to Defendant Harris regarding ability to steer or control the vehicle after the tread or belt separation, as well as BATO's knowledge of defects and internal investigations or analyses of the tires. *Id.* at 13-15.

BATO responds that the subject tire is significantly different from the other tires Plaintiff seeks discovery about. (Doc. 90) at 5-6. BATO states that the subject tire, which was manufactured at BATO's facility in Warren County, Tennessee during the 45th week of 2019, is different from the other tires because "a tire is defined by its specification that sets forth the manner in which numerous design and construction variables are combined to produce a particular tire." *Id.* at 5 (citing Queiser Declaration, attached as Exhibit 2). BATO argues that each of its tire lines is "developed separately and designed with different technologies in order to

meet performance demands of different market segments/sub-segments." *Id.* at 6. These differences include "compounding and rubber distribution as well as tread and sidewall construction features that affect tire performance such as wear, traction, scrub resistance, and fuel economy, as well as the strain energy and hysteretic performance that affects mechanical and thermal durability." *Id.*

"When a plaintiff seeks to discover or to introduce evidence of the design, testing or performance of other similar products, the courts generally require that the products be substantially similar to the one which allegedly caused the accident, citing grounds, inter alia, of disproportionate burden when weighed against slight probative value." *Gonzales v. Goodyear Tire & Rubber Co.*, 2006 WL 7290047, at *7 (D.N.M.). Moreover, in tire defect products liability cases, courts have disallowed discovery under Rule 26(b) of tires other than the tire at issue "where the requests required the responding party to collect volumes of information on tires other than the subject tire without any threshold evidentiary showing of how those tires were similar to the accident tire for the purposes of the litigation, or that the information requested had any relationship to the underlying cause of the alleged tread separation at issue." *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 667 (D. Kan. 2015) (citation and internal quotation marks omitted).

Plaintiff relies on her expert, David Southwell's, declaration wherein he states he has "inspected the subject tire in detail and formed an opinion about the causes of failure of the tire." (Doc. 105-1) at 1. He provides his professional qualifications and career experience, and states he has "personally performed tire failure analysis on more than 20 other Bridgestone-produced truck steer tires," including the R283, R284, and FS591 tires. *Id.* Mr. Southwell opines there are "many similarities" between the designs of the R283, R284, and FS591, such as:

    a. They are all steel belt medium radial truck tires produced by Bridgestone in the United States between 2003 and 2013;

    b. Have an aspect ratio between 75% and 82%;

    c. Have very similar maximum inflation pressures;

    d. Are made using identical or very similar rubber compounds in the manufacture of their structural components;

    e. Are made using identical or very similar steel cord in the manufacture of their structural components (including body ply and steel belts);

    f. Are built on the same or very similar tire building machines;

    g. Use rubber compounds mixed in the same or very similar Banbury mixers;

    h. Are made using extruded components produced on the same or very similar extruders;

    i. Are made using calendered components produced on the same or very similar calenders;

    j. Were cured in the same or very similar curing presses;

    k. Were produced and released from the plant under the identical quality assurance system under which the defective Gregory subject tire was produced; and

    l. Suffered tread and belt detachment failures whilst fitted to the steer axle position of trucks that were operating on highways in the United States, causing loss of vehicle control.

*Id.* at 2-3. Mr. Southwell disputes the declarations of BATO's employees that the three tires are dissimilar, stating the employees only describe "minor differences" and asserting that their statements "serve to support the very obvious fact that the R283, R284 and FS591 have many more features that make them similar than they do that make them unique." *Id.* at 6. Mr. Southwell further states that the three tires use a common tread compound, all have a

"Proprietary Shoulder Design," have designs that are shown to improve fuel efficiency, have similar 4-belt constructions, and are "said to be EPA Smartway Verified and CARB compliant." *Id.* at 8.

In *In Re Cooper Tire & Rubber Co.*, the Tenth Circuit denied a petition for a writ of mandamus to reconsider a district court order that allowed discovery into tires outside of the subject tire in a products liability action. 568 F.3d 1180 (10th Cir. 2009). The Tenth Circuit affirmed the district court's decision rejecting the defendant's proposal to limit discovery to only tires identical to the subject tire in make, model, and size, stating: "Because the plaintiffs' theory of the case includes the argument that Cooper was on notice of the tread separation problem, the district court was not clearly in error in concluding that information on tires manufactured to specifications other than GTS 5015 could tend to lead to discoverable evidence." *Id.* at 1191. Similarly here, Plaintiff's theory of the case is that BATO knew or should have known of the risk that the R284 Ecopia subject tire would fail, and failed to "heed the warning and notice that during the normal and expected use of tires similar to the failed Bridgestone R284 Ecopia tire, serious injuries and deaths had occurred." (Doc. 1) at 18. Indeed, Plaintiff alleges throughout her Complaint that BATO was on notice of the tread separation problem for the R284 and other similar tires and failed to act. *Id.* at 17-27.

In addition, Plaintiff has provided evidence, through her expert, that the subject tire has similarities to the R283 and FS591 tires that are related to the alleged tread separation at issue. Plaintiff also asserts that evidence regarding the other two tires is relevant to BATO's affirmative defense of attribution of fault regarding ability to steer or control the vehicle after the tread or belt separation, and to BATO's knowledge of defects from internal investigation or analyses of the tires. The Court recognizes that BATO has provided opposing opinions disputing the

similarity of the subject tire and the R283 and FS591 tires, such as they are molded/shaped differently and are made with different rubber compounds and/or rubber distribution in the tread and sidewall/bead area. *See* (Doc. 96) at 12 (citing Mr. Queiser's declaration at Exhibit 2, ¶¶22-27, 29-31, and stating that these differences "impact tire wear, traction, and fuel economy, as well as mechanical and thermal durability."). Nevertheless, Plaintiff has provided a sufficient threshold showing that there are numerous relevant similarities between the subject tire and the R283 and FS591 tires. The Court agrees with the reasoning in *McKellips v. Kumho Tire Co.* that, "[w]hile a plaintiff would have the burden of showing substantial similarity when attempting to introduce evidence at trial about other products, … [p]lacing the significant burden of proving substantial similarity on a plaintiff to obtain discovery in the first instance would be misplaced, given that the plaintiff has not yet obtained the information it would need to prove substantial similarity." 305 F.R.D. at 671; *see also A.H. ex rel. Hadjih v. Evenflo Co.*, 2011 WL 3684807, at *4 (D. Colo.) ("Generally, courts considering products liability cases hold that in order to be entitled to discovery concerning other incidents, plaintiff need not lay the same foundation of substantial similarity as would be necessary to support admission into evidence"). Therefore, the Court finds that BATO's objection to producing evidence regarding the R283 and FS591 tires creates an overly narrow scope of discovery and could potentially deprive Plaintiff of discovery supporting her claims. Accordingly, the Court grants Plaintiff's Motion to Compel as to the discovery requests for which her Motion to Compel was timely.

**IV.    Conclusion**

For the reasons stated above, the Court grants Plaintiff's Motion to Compel as to BATO's objections to producing information relating to the R283 and FS591 tires. BATO shall produce information regarding those tires that is responsive to the discovery requests for which Plaintiff's

Motion to Compel is timely – Plaintiff's Second Set of RFPs Nos. 36, 37, 41, 42, and 45, and Second Set of Interrogatories No. 17.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 86), is GRANTED in part, and Defendant Bridgestone Americas Tire Operations, LLC shall produce information **by August 30, 2023** relating to the R283 and FS591 tires that is responsive to Plaintiff's Second Set of Request for Production Nos. 36, 37, 41, 42, and 45, and Second Set of Interrogatories No. 17.  Plaintiff's Motion to Compel is DENIED as untimely as to all other discovery requests.

IT IS FURTHER ORDERED that Defendant Bridgestone Americas Tire Operations, LLC's Motion to Seal, (Doc. 91), and Plaintiff's Motions to Seal, (Docs. 97 and 106), are GRANTED.

IT IS FINALLY ORDERED that Plaintiff's Motions to Strike, (Docs. 94, 95), are DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE