IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLI GREGORY,

      Plaintiff,

v.                                      No. 2:22-cv-89 WJ/KRS

DORRELL HARRIS,
SKYWAY LOGISTICS CORP., and
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO COMPEL [Doc. 115]**

THIS MATTER is before the Court on Defendants Dorell Harris and Skyway Logistics Corporation's Motion to Compel Bridgestone Americas Tire Operations, LLC, (Doc. 115), filed September 15, 2023. Defendant Bridgestone Americas Tire Operations, LLC ("BATO") filed a response to the Motion to Compel on September 29, 2023, and Defendants Harris and Skyway filed a reply on October 13, 2023. (Docs. 121 and 125). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part and denies in part Defendants Dorell Harris and Skyway Logistics Corporation's Motion to Compel as set forth below.

**I.     Background**

Plaintiff brings products liability and negligence claims against Defendants for injuries arising from a single-vehicle accident that occurred on March 20, 2021. (Doc. 1). Plaintiff was a passenger in a tractor-trailer driven by Defendant Harris when the right front tire became disabled and Defendant Harris lost control of the tractor-trailer and it rolled over. (Doc. 22) at 1-

2. The tractor-trailer was owned and/or leased and maintained by Defendant Skyway Logistics Corp. *Id.*

The tire that failed was a Bridgestone R284 Ecopia tire ("the subject tire") and Plaintiff alleges the tire was defective. (Doc. 115) at 1. BATO states the subject tire was manufactured in 2019. (Doc. 90) at 5. In their Motion to Compel, Defendants Harris and Skyway seek discovery regarding BATO's knowledge and testing of the subject tire's line, which they argue includes the Bridgestone R283 and Firestone FS591 tires. *Id.* at 1-2. Specifically, Defendants Harris and Skyway argue that BATO objected to several discovery requests on the basis of privilege and confidentiality but failed to indicate whether it withheld any information pursuant to those objections. *Id.* at 4-5 (regarding First Set Interrogatory No. 3; First Set Requests for Production (RFP) Nos. 1, 2, 22, and 23; Second Set Interrogatory No. 1; and Third Set RFP No. 1). Defendants Harris and Skyway also ask the Court to overrule BATO's objections to First Set Interrogatory No. 3; First Set RFP No. 1; Second Set Interrogatory Nos. 1 and 11; and Second Set RFP Nos. 58 and 67. *Id.* at 5-9.

BATO responds that the Motion to Compel is untimely because all the discovery requests Defendants Harris and Skyway seek in their Motion to Compel are duplicative of requests served by Plaintiff, and responded to by BATO, months earlier. (Doc. 121) at 1-5. BATO also argues that Defendants Harris and Skyway have exceeded the permissible number of interrogatories. *Id.* at 5-6. Additionally, BATO contends that it properly objected to First Set Interrogatory No. 3 and First Set RFP Nos. 1 and 2 on the basis of attorney work product and consulting expert privilege and states that it will provide a privilege log identifying responsive documents that were withheld on the basis of that privilege. *Id.* at 7-10. BATO denies that it asserted any privilege in response to Second Set Interrogatory No. 1 or First Set RFP No. 22. Finally, BATO

argues that it properly objected to Fist Set RFP No. 23 and Third Set RFP No. 1 on the basis of trade secret privilege. *Id.* at 10-16.

In reply, Defendants Harris and Skyway disagree that their Motion to Compel should be denied because their discovery requests are duplicative of Plaintiff's requests. (Doc. 125) at 1-2. Regarding the number of interrogatories they served, Defendants Harris and Skyway concede they exceeded the agreed number and state they will amend their discovery requests to comply with the limit in the Scheduling Order. *Id.* at 2.[1] Finally, Defendants Harris and Skyway dispute BATO's objections on the basis of attorney work product, consulting expert, and trade secret privileges as to First Set Interrogatory No. 3, First Set RFP Nos. 1, 2, and 23, and Third Set RFP No. 1.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in

---

[1] It is not clear from the parties' briefing which of the disputed interrogatories exceed the number allowed. To the extent the Court grants the Motion to Compel as to interrogatories that were made in excess of the number allowed, BATO is not required to further respond to those interrogatories.

fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object to an interrogatory but the grounds for an objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Federal Rule of Civil Procedure 34 governs requests for production. Requests for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

**III.   Analysis**

   **1. Duplicative Discovery Requests**

The Court first addresses BATO's argument that Defendants Harris and Skyway's Motion to Compel is untimely as to First Set RFP Nos. 1, 2, 22, 23; Second Set RFP Nos. 58, 67; Third Set RFP No. 3; First Set Interrogatory No. 3; and Second Set Interrogatory Nos. 1, 11.

BATO contends those requests are duplicative of earlier discovery requests that Plaintiff served on BATO, and Defendants Harris and Skyway failed to timely object to BATO's responses to those earlier requests. (Doc. 121) at 1-5. BATO further notes that the Court found in an earlier Order that Plaintiff's Motion to Compel as to several of those requests was untimely. *Id.*; (Doc. 107).

BATO relies on *USAA Cas. Ins. Co. v. Hancock*, where the court denied a party's motion to compel because it was duplicative of an earlier, untimely motion to compel. 2013 WL 120563865, at *3 (D.N.M.). The court held: "[W]here a first motion to compel is untimely, a party is not allowed to circumvent time deadlines by serving a second set of similar discovery requests and a later timely motion to compel as to the subsequent discovery requests." *Id.* (citing *Sanchez v. Matta*, 229 F.R.D. 649, 657 (D.N.M. 2004)). Importantly, however, the party in *Hancock* who filed the motion to compel was the same party who had earlier failed to object to the duplicative discovery requests. Here, BATO is attempting to hold Defendants Harris and Skyway to the deadline for filing a motion to compel as to *Plaintiff's* discovery requests. BATO provides no authority for holding one party to the deadline for filing a motion to compel regarding another party's discovery requests, even if those requests are identical. The Court recognizes that Rule 26(b)(2)(C)(i) requires courts to limit discovery that is "unreasonably cumulative or duplicative," but Defendants Harris and Skyway have not served duplicative discovery requests on BATO because they were not party to Plaintiff's discovery requests. Moreover, BATO has not already produced the requested discovery because Plaintiff's requests were untimely. Therefore, the Court does not find that Defendants Harris and Skyway's Motion to Compel is untimely or duplicative based on Plaintiff's earlier discovery requests and overrules BATO's objections made on those grounds.

**2. Attorney Work Product and Consulting Expert Privilege**

Next, BATO argues that it properly asserted work product and consulting expert privilege as to Defendants Harris and Skyway's First Set Interrogatory No. 3 and First Set RFP Nos. 1 and 2. Interrogatory No. 3 seeks the identity of each person who investigated the subject collision on BATO's behalf along with the beginning and end dates of their investigation. (Doc. 115-1) at 2. RFP No. 1 seeks "photographs, videotapes, movie films, drawings, diagrams, and measurements" regarding the collision, the scene of the collision, the subject tire, and Plaintiff. (Doc. 121-2) at 4. RFP No. 2 seeks all documents and materials "relating to the investigation of the Collison made on the basis of this suit and of the injuries and damages sustained by Plaintiff," but "does not include documents and materials created after the filing of this lawsuit." *Id.* at 5. BATO objected that First Set RFP Nos. 1 and 2 seek information that is protected as attorney-client work product and the mental impressions of counsel and/or consulting experts. *Id.* at 4-5. BATO stated it will disclose information regarding its testifying expert witnesses and their opinions, refers Defendants to the photographs contained in the New Mexico State Police report, and further states "BATO did not investigate the subject crash before this lawsuit was filed." *Id.* at 5.

In their Motion to Compel, Defendants Harris and Skyway argue they are not seeking any mental impressions of counsel or consulting experts with these requests. Regarding Interrogatory No. 3, they state they are seeking the identity of those involved in investigations because learning those names "may lead to the discovery of relevant and admissible evidence in the form of witness testimony" and "shed light on BATO's knowledge regarding any defects related to the manufacture of the Subject Tire Line." *Id.* at 6. As for RFP No. 1, Defendants

Harris and Skyway state they simply seek documentation obtained during the investigations, and they do not seek any mental impressions of counsel or consulting experts. *Id.* at 6-7.

BATO responds that the identities of BATO's investigators is itself privileged because a party may not obtain information about consulting experts who participated in an investigation in anticipation of litigation. (Doc. 121) at 8. BATO argues that its consulting experts' notes, opinions, photographs, and measurements are also protected, as long as those materials were prepared in anticipation of litigation. *Id.* at 9-10. In reply, Defendants Harris and Skyway state that since filing their Motion to Compel, BATO has provided a privilege log regarding responsive information withheld on the basis of privilege as for these three discovery requests. (Doc. 125) at 3. However, Defendants Harris and Skyway state that "it is still unclear whether BATO is withholding any potentially responsive information" and "BATO must be compelled to fully respond to these discovery requests by indicating whether any additional information is being withheld pursuant to its objections." *Id.*

Local Rule 37.1 requires a party seeking relief in a motion to compel to attach to the motion a copy of the disputed discovery request as well as "the response or objection thereto." D.N.M. LR-Civ. 37.1(a)-(b). Defendants Harris and Skyway failed to attach their responses or objections to these three disputed discovery requests, and instead only attached the requests. *See* (Doc. 115-1) at 1-6. BATO attached Defendants' responses to RFP Nos. 1 and 2, so the Court can consider those requests, but the Court denies the Motion to Compel as to First Set Interrogatory No. 3 without prejudice because it does not have BATO's response before it to consider.

RFP No. 1 asks BATO to produce "photographs, videotapes, movie films, drawings, diagrams, and measurements" regarding the collision, the scene of the collision, the subject tire,

and Plaintiff. (Doc. 121-2) at 4. BATO objected to the extent the request seeks attorney-client work product or the mental impressions of counsel and/or consulting experts, stated it will disclose information regarding its testifying expert witnesses and their opinions, and further referred Defendants to the photographs contained in the New Mexico State Police report. *Id.* The Court finds this response is sufficient, considering that Rule 26(b)(4)(D) prohibits a party from discovering "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). RFP No. 2 seeks all documents and materials "relating to the investigation of the Collison made on the basis of this suit and of the injuries and damages sustained by Plaintiff," but "does not include documents and materials created after the filing of this lawsuit." (Doc. 121-2) at 5. After objecting on the basis of attorney work-product and consulting expert privilege, BATO stated it "did not investigate the subject crash before this lawsuit was filed." *Id.* The Court finds this response is sufficient and BATO clearly states it is not withholding responsive, non-privileged information. The Court, therefore, denies the Motion to Compel as to First Set RFP Nos. 1 and 2.

### 3. Trade Secret Privilege

Finally, BATO asserts that it properly objected to First Set RFP No. 23 and Third Set RFP No. 1 on the basis of trade secret privilege. (Doc. 121) at 10-16.[2] RFP No. 23 seeks "the Manufacturing Standard Practices Manual for BATO ('Manual') for 2019 or the Manual in existence that is nearest in date to 2019 that discussed conditions that may lead to defective

---

[2] Defendants Harris and Skyway again fail to attach their responses to these disputed discovery requests, in violation of Local Rule 37.1. Since BATO attached Defendants' responses to its response brief, the Court is able to consider the objections. The Court instructs Defendants to comply with Local Rule 37.1 in future motions to compel.

manufacture of tires." (Doc. 121-2) at 16.  BATO objected that the request seeks irrelevant information as well as information that is protected by the trade secret privilege because it "reflects millions of dollars and thousands of hours of research and development," and contains "information that is commercially valuable to BATO's competitors." *Id.* at 16-17.  BATO then refers Defendants to the portions of standard practices it has previously produced. *Id.* at 17.  Third Set RFP No. 1 seeks a complete set of BATO's "Global Design Guide" that existed between 2019 and the present, along with its revision history and certain sections pertaining to skim coat compounds and gauges, innerliners, antioxidants, and truck tire belts.  (Doc. 121-3) at 4.  BATO objected on the grounds the request seeks proprietary and trade secret information because its design guides "are the product of years of research and development at great expense" and "is commercially valuable to BATO's competitors." *Id.* at 5.  BATO further objected that the request is vague, overly broad, and seeks irrelevant information because it is not limited to relevant sections or to the time period of the manufacture of the subject tire. *Id.*

      Defendants Harris and Skyway ask the Court to overrule BATO's trade secret privilege objections to these requests because the parties have entered into a Protective Order that covers information regarding trade secrets and other confidential and proprietary information.  (Doc. 115) at 5.  BATO responds that the parties' Protective Order does not "require the production of trade secret information as defined under New Mexico law or otherwise." (Doc. 121) at 12 (citing Protective Order at Doc. 39-1).  BATO contends these trade secret documents are not relevant and their disclosure is not necessary for a fair adjudication of this case. (Doc. 121) at 12-13.  BATO further states it "has produced numerous documents related to the design and manufacture of the Subject Tire pursuant to the Protective Order entered in this case, including certain portions of the standards practices governing tire assembly, final inspection, x-ray

procedures and certain testing procedures, but objects to producing the complete set of its standard practices." *Id.* at 13.  Additionally, BATO argues that a protective order is insufficient to protect its trade secret standards practices because there is a possibility of dissemination by either the experts or counsel in future cases.  *Id.* at 14-16.

In reply, Defendants Harris and Skyway note that none of the experts or counsel who disclosed trade secret information in the other cases BATO relies on are involved in this case, and that "BATO has accepted that same risk regarding other documents and information disclosed under the first protective order."  (Doc. 125) at 3.  They argue these requests seek relevant information because they are limited to BATO's Manufacturing Standard Practices Manual and Global Design Guides that were in existence at the time the subject tire was manufactured, and that they only seek certain sections from the design guide.  *Id.* at 3-4.  They further state the requested information "is pertinent to determining whether Defendants have a viable defense regarding any defects of the Subject Tire and the extent to which BATO may have known of such defects," and it "will allow Defendants to independently evaluate whether the manufacturing process of the Subject Tire conformed with the internal standards and guides that BATO has implemented and whether such standards and guides are sufficient at detecting/preventing defective tires."  *Id.* at 4.  Defendants are willing to enter into "a mutually agreeable protective order regarding such information that contains a remedial clause for any violation of the protective order."  *Id.*

"There is no absolute privilege for trade secrets or similar confidential information." *Layne Christensen Co. v. Purolite Co*., 271 F.R.D. 240, 249 (D. Kan. 2010) (citing *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)).  To determine if a trade secret must be disclosed in discovery, the party resisting disclosure must first establish that "the information

sought is a trade secret and then demonstrate that its disclosure might be harmful." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).  If this is established, "the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action." *Centurion Indus., Inc.*, 665 F.2d at 325.  If both parties have met their burdens, the court "must balance the need for the trade secrets against the claim of injury resulting from disclosure." *Id.*  "[I]f the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion." *Id.* at 326.  A trade secret is defined as:

> [A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).

     Here, BATO asserts their Manufacturing Standard Practices Manual and Global Design Guides are trade secrets because they were created using "millions of dollars and thousands of hours of research and development" and contain "information that is commercially valuable to BATO's competitors."  (Doc. 121-2) at 16; (Doc. 121-3) at 5.  The Court finds BATO has sufficiently established these documents constitute trade secrets pursuant to 18 U.S.C. § 1839(3).

Turning to the relevance of the requests, in response to RFP No. 23 BATO states it "has produced numerous documents related to the design and manufacture of the Subject Tire …, including certain portions of the standards practices governing tire assembly, final inspection, x-ray procedures and certain testing procedures, but objects to producing the complete set of its standard practices." (Doc. 121) at 13.  Defendants Harris and Skyway nevertheless move to compel the entire Manufacturing Standard Practices Manual and argue it is necessary to determine "whether Defendants have a viable defense regarding any defects of the Subject Tire and the extent to which BATO may have known of such defects," and it "will allow Defendants to independently evaluate whether the manufacturing process of the Subject Tire conformed with the internal standards and guides that BATO has implemented and whether such standards and guides are sufficient at detecting/preventing defective tires." (Doc. 125) at 4.  Defendants fail to explain why the already-produced portions of the Manual are not sufficient to evaluate the subject tire, manufacturing process, or BATO's knowledge of defects.  Defendants have not established that the entire Manual is relevant to the claims in this case, especially since they have already been provided portions regarding BATO's design and manufacture process, tire assembly, inspection, and testing procedures.  The Court, therefore, finds that BATO sufficiently responded to RFP No. 23 and denies the Motion to Compel as to this request.

Regarding Third Set RFP No. 1, Defendants Harris and Skyway requested the "complete set of the Global Design Guide that existed within the company between 2019 and the present," a complete revision history, and numerous sections pertaining to design parameters.  (Doc. 121-3) at 4.  This request is not limited to a relevant time period or applicable sections, and Defendants fail to explain why the complete Global Design Guide is relevant to its defenses.  However, the portions of the RFP seeking sections pertaining to skim coat compounds, skin coat gauges,

innerliner, antioxidant, innerliner gauge, and truck tire belt stiffness and width (Third Set RFP No. 1(b)-(g)), are relevant as to BATO's knowledge of defects of the subject tire, whether the manufacturing process conformed with internal standards and guides, and whether such standards and guides are sufficient at detecting/preventing defective tires.  The Court finds Defendants' proposal that the parties enter into a mutually agreeable protective order that contains a remedial clause for any violation is an appropriate safeguard to protect the disclosure of this information.  Accordingly, the Court grants the Motion to Compel in part as to Third Set RFP No. 1 and orders the parties to enter into a protective order containing a remedial clause for producing confidential/trade secret information, after which BATO shall produce information responsive to Third Set RFP No. 1(b)-(g) from its Global Design Guide that existed in 2019 when the subject tire was manufactured.

## IV.   Conclusion

Based on the foregoing, the Court denies the Motion to Compel without prejudice as to First Set Interrogatory No. 3, denies the Motion to Compel as to First Set RFP Nos. 1, 2, and 23, and grants in part the Motion to Compel as to Third Set RFP No. 3.  As for the remaining disputed discovery requests in Defendant Harris and Skyway's Motion to Compel, BATO only defended its objection to those requests on the grounds that they were duplicative of Plaintiff's discovery requests, and the Court overrules that objection.  Accordingly, the Court grants the Motion to Compel as to First Set RFP No. 22; Second Set RFP Nos. 58, 67; and Second Set Interrogatory Nos. 1, 11.[3]

---

[3] While BATO raised other objections in response to First Set RFP No. 22; Second Set RFP Nos. 58, 67; and Second Set Interrogatory Nos. 1, 11, it did not defend those objections in its response to the Motion to Compel.  "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to

IT IS THEREFORE ORDERED that Defendants Dorell Harris and Skyway Logistics Corporation's Motion to Compel Bridgestone Americas Tire Operations, LLC, (Doc. 115), is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion to Compel is DENIED as to First Set RFP Nos. 1, 2, 23;

2. The Motion to Compel is DENIED WITHOUT PREJUDICE as to First Set Interrogatory No. 3;

3. The Motion to Compel is GRANTED as to First Set RFP No. 22; Second Set RFP Nos. 58, 67; and Second Set Interrogatory Nos. 1, 11; and

4. The Motion to Compel is GRANTED IN PART as to Third Set RFP No. 1.

IT IS FURTHER ORDERED that the parties enter into an amended protective order as described above **by December 18, 2023**, and Defendant Bridgestone Americas Tire Operations, LLC shall supplement its discovery responses as set forth above **by December 28, 2023**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE

---

compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Albuquerque Facility, LLC v. Danielson*, 2016 WL 8261799, at *3 (D.N.M.) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004)). By failing to address its objections in response to Defendants Harris and Skyway's Motion to Compel, BATO failed to meet its burden to support its objections. "The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case," and the objections not addressed in the response are deemed abandoned. *Albuquerque Facility, LLC*, 2016 WL 8261799 at *3.