IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLI GREGORY,

       Plaintiff,

v.                                                                                   No. 2:22-cv-89 WJ/KRS

DORRELL HARRIS,
SKYWAY LOGISTICS CORP., and
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,

       Defendants.

**ORDER GRANTING IN PART MOTION TO COMPEL [Doc. 124]**

THIS MATTER is before the Court on Plaintiff's Motion to Compel, (Doc. 124), filed October 6, 2023. Defendant Bridgestone Americas Tire Operations, LLC ("BATO") filed a response to the Motion to Compel on November 17, 2023, and Plaintiff filed a reply on December 6, 2023. (Docs. 132 and 137). Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion to Compel in part as set forth below.

**I.**     **Background**

Plaintiff brings products liability and negligence claims against Defendants for injuries arising from a single-vehicle accident that occurred on March 20, 2021. (Doc. 1). Plaintiff was a passenger in a tractor-trailer driven by Defendant Harris when the right front tire became disabled and Defendant Harris lost control of the tractor-trailer and it rolled over. (Doc. 22) at 1-2. The tractor-trailer was owned and/or leased and maintained by Defendant Skyway Logistics Corp. *Id.* The tire that failed was a Bridgestone R284 Ecopia tire ("the subject tire") and Plaintiff alleges the tire was defective. (Doc. 124) at 2.

Plaintiff moves to compel BATO to fully respond to Plaintiff's Fourth Requests for Production, and specifically to provide information relating to the subject tire's line, which

includes the Bridgestone R283 and Firestone FS591 tires.  (Doc. 124) at 2.  Plaintiff states that BATO unilaterally narrowed its responses to Request for Production ("RFP") Nos. 1-14 to specific tire sizes and load ranges, but the discovery sought is relevant to the tire line as a whole.  *Id.* at 4.  Plaintiff also argues that BATO should be required to clarify whether it withheld any responsive information subject to its objections in response to RFP Nos. 1-11.  *Id.* at 5-6.

In response, BATO states that it has agreed to supplement its responses to the disputed discovery requests and has provided responsive information regarding all tires within the FS591, R283, and R284 tire lines.  (Doc. 132) at 1.  BATO states it "is not withholding any responsive documents based on its objections to the relevance of tires in other sizes and load ranges," and "[t]herefore, the parties have reached an agreement on these issues."  *Id.*  BATO states there is only one remaining issue in dispute, which is that Plaintiff now seeks production of BATO's property damage claim files for the tire lines.  *Id.* at 1-2.  BATO argues that this information was not requested in any of Plaintiff's RFPs – for example, Plaintiff's request in RFP No. 1 for "Bridgestone communication or internal documents regarding its investigation into alleged customer abuse as a cause of R283, R284, and FS591 belt leaving tread separation in the field" does not encompass the production of BATO's property damage claim files.  *Id.* at 2.  BATO states "[t]o the extent any such 'investigation into customer abuse' is included in a property damage claim file, those documents will be produced," but BATO will not produce the entire file or all of its property damage claim files.  *Id.*  Similarly, BATO argues that RFP Nos. 3, 4, 5, and 7, asking for communication discussing comparisons of the R283, R284, and FS591 tires, belt leaving belt failures of those tires, Daimler's decision to recall the R283/R284 tires, and design changes as a response to tread separations, do not require production of BATO's property damage claim files.  *Id.* at 2-3.  BATO states it will produce information responsive to those

requests even if the information is included in a property damage claim file, but it will not produce the entire files. *Id.*

In reply, Plaintiff agrees that the parties have resolved all issues raised in the Motion to Compel, but they now disagree about whether BATO must produce its property damage claim files. (Doc. 137) at 1. Plaintiff argues that RFP No. 4, which requests internal memoranda discussing belt leaving belt failures, encompasses BATO's property damage claim files that involve belt leaving belt failures. *Id.* Plaintiff states: "At minimum, as BATO states, documents within the property damage claims file for belt leaving belt defects may have memoranda discussing the property damage and then the parties could determine if the full property damage claim file need be produced." *Id.* Accordingly, Plaintiff asks the Court to compel BATO "to produce the property damage claims files for belt leaving belt separations of the FS591, R283, and R284 tires." *Id.* at 2.

Since Defendant agreed to produce the information requested in Plaintiff's Motion to Compel prior to filing its response brief, the Court grants the Motion to Compel as to those requests. Regarding the remaining issue of whether BATO must produce its property damage claim files for belt leaving belt separations for the FS591, R283, and R284 tires, Plaintiff argues that RFP No. 4 incorporates this request. RFP No. 4 asks BATO to produce "email communication or internal memorandums discussing 'belt leaving belt' failures of the R283, R284, and FS591 tires." (Doc. 124-1) at 6. BATO states in response to the Motion to Compel: "To the extent any email communication or internal memorandum discussing 'belt leaving belt' failures are included in a property damage claim file, those documents will be produced. However, this request does not mandate production of the entire file or the production of all claim files." (Doc. 132) at 2. The Court agrees that RFP No. 4 does not request the full property

damage claim files because it is limited to emails and internal memoranda discussing belt leaving belt failures of the three tires.  Plaintiff provides no support for a finding that production of the entire files for these types of claims is either encompassed by RFP No. 4 or relevant to the claims or defenses in this case.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); Fed. R. Evid. 401 (Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.").  Therefore, the Court denies the Motion to Compel to the extent Plaintiff seeks production of BATO's full property damage claim files.  The Motion to Compel is granted as to all other relief requested, which the parties agreed to prior to filing their response and reply to the Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 124), is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE